# EXHIBIT 1 – COMPLAINT



COPY

COPY
Original Filed
JAN 24 2022
TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

## SUPERIOR COURT OF WASHINGTON FOR SPOKANE COUNTY

COLIN SCHWARTZMANN,

                                    Plaintiff,

vs.

SAVVAS LEARNING COMPANY, LLC,

                                    Defendant.

No. 22200228-32

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW the Plaintiff, COLIN SCHWARTZMANN, by and through his attorney Stephen Bergman of Cooney Law Offices, P.S., and for causes of action against Defendant, alleges as follows:

1.      Plaintiff at all times material hereto was a resident of Spokane County, Washington.

2.      Defendant, SAVVAS LEARNING COMPANY, LLC (hereinafter "Savvas") was at all times material hereto a Delaware corporation licensed to do business in the State of Washington, and at all times material hereto was doing business in Spokane County, Washington.

3.      At all times material hereto, Plaintiff was employed with Defendant Corporation.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 1

4.      Venue of this action is proper in Spokane County, Washington as the place where all acts referred to herein occurred.

## I.    FACTUAL ALLEGATIONS

5.      Mr. Schwartzmann was hired by Savvas as a Field-Remote K-12 Curriculum Specialist in Sales and Services for Math and Science. He was one of the few certified K-12 specialists at Savvas. His responsibilities included delivering sales presentations and representing Savvas at conferences to drive sales of Savvas products.

6.      Mr. Schwartzmann's immediate supervisor was Christy Grossnickle. Heidi Bruhn and Adrea Perlick also held supervisory roles above Plaintiff.

7.      Prior to August 2019, Mr. Schwartzmann disclosed that he was struggling with his assigned schedule on multiple occasions during check-in calls with his manager. His assigned schedule sometimes attained an unmanageable 80 hours per week. He disclosed that he was suffering from extreme anxiety from this schedule on various occasions as his condition worsened. His manager responded that it was just "the nature of the business."

8.      On August 16, 2019, Mr. Schwartzmann sought treatment for anxiety from his primary care physician, Donald F. Condon, MD. Dr. Condon evaluated the increasingly severe anxiety Mr. Schwartzmann was suffering from and wrote a note determining that he should be limited to a 40-hour work week. Dr. Condon also determined that Mr. Schwartzmann's travel should not exceed four days per week. Mr. Schwartzmann submitted this medical note to Human Resources as soon as he received it.

9.      After submitting the note detailing Dr. Condon's recommendations to Human Resources, Mr. Schwartzmann began to suffer from disparate treatment during his regular check-in calls with his manager. She stated on multiple occasions that Mr. Schwartzmann

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 2

COONEY LAW OFFICES, P.S.
330 W. Indiana Avenue
Spokane, WA 99205
(509) 326-2613 / FAX (509) 325-1859

1  needed to seek alternate employment because his job required "more than 40 hours per week"

2  and "extensive travel."

3      10.    In April 2020, Mr. Schwartzmann and other employees of Savvas were

4  furloughed until July 15, 2020, due to the pandemic. Other employees resumed work on the

5  anticipated start date, July 15, 2020. However, Mr. Schwartzmann, an employee requiring a

6  medical accommodation for his disability, was informed that his furlough had been extended

7  

8  to December 31, 2020.

9      11.    On October 6, 2020, Defendant notified Mr. Schwartzmann that his position

10  had been "eliminated" and that the company was moving in a "different direction",

11  specifically stating it was not due to performance. Mr. Schwartzmann's official last day of

12  

13  employment was October 16, 2020.

14      12.    On October 17, 2020, Savvas published an advertisement on the company

15  website for Mr. Schwartzmann's position that he was told had just been "eliminated."

16  ## II. FIRST CLAIM – DISABILITY DISCRIMINATION

17      13.    The allegations of paragraph 1 through 13 are hereby incorporated by reference

18  as if fully set forth.

19  

20      14.    Defendant discriminated against Plaintiff when he was terminated from

21  employment based on his disability and perceived disability in violation of the Washington

22  Law Against Discrimination, RCW 49.60 et. Seq.

23      15.    As a direct and proximate result of Defendant's discriminatory practices,

24  Plaintiff has sustained economic damages consisting of past and future wage loss, loss of

25  benefits; as well as noneconomic loss including mental anguish, emotional distress, and

26  

27  physical distress, all in an amount to be proved at trial.

28  COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 3

16.     Pursuant to RCW 49.60.030, Plaintiff is entitled to his attorney fees and costs as a result of Defendant's discriminatory employment practices.

### IV. SECOND CLAIM – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

17.     The allegations of paragraph 1 through 17 are hereby incorporated by reference as if fully set forth.

18.     Defendant terminated Plaintiff because of his disability contrary to the Washington State common law claim of wrongful discharge in violation of public policy.

19.     Defendant terminated Plaintiff in retaliation for seeking an accommodation for disability contrary to the Washington State common law claim of wrongful discharge in violation of public policy.

20.     As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has sustained economic damages consisting of past and future wage loss, and loss of benefits; as well as noneconomic loss including mental anguish, emotional distress, and physical distress, all in an amount to be proved at trial.

21.     Pursuant to 49.48.030, Plaintiff is entitled to attorney's fees where lost wages or future lost wages are recovered. *See Gagliardi v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 451, 815 P.2d 1362 (1991).

### V. THIRD CLAIM – RETALIATION

22.     The allegations of paragraph 1 through 22 are hereby incorporated by reference as if fully set forth.

23.     Defendant retaliated against Plaintiff because of his disclosure of a disability and his request for a reasonable accommodation in violation of RCW 49.60.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 4

COONEY LAW OFFICES, P.S.
330 W. Indiana Avenue
Spokane, WA 99205
(509) 326-2613 / FAX (509) 325-1859

24.     As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has sustained economic damages consisting of past and future wage loss, and loss of benefits; as well as noneconomic loss including mental anguish, emotional distress, and physical distress, all in an amount to be proven at trial.

25.     Pursuant to RCW 49.60.030, Plaintiff is entitled to his attorney's fees and costs as a result of Defendant's discriminatory employment practices.

## VI. FOURTH CLAIM – TAX CONSEQUENCES

26.     The allegations of paragraph 1 through 26 are hereby incorporated by reference as if fully set forth.

27.     Plaintiff will suffer adverse tax consequences as a result of any damages received herein and requests an additional award by the court for any adverse tax consequences.

## VII. PRAYER FOR RELIEF

28.     WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

29.     Damages for economic loss both past and future because of Defendant's conduct in an amount to be proved at the time of trial.

30.     Damages for noneconomic loss including mental anguish, emotional and physical distress in an amount to be proved at the time of trial.

31.     Damages for adverse tax consequences because of Defendant's conduct in an amount to be proved at the time of trial.

32.     Prejudgment interest on all liquidated sums.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 5

COONEY LAW OFFICES, P.S.
330 W. Indiana Avenue
Spokane, WA 99205
(509) 326-2613 / FAX (509) 325-1859

33.     Plaintiff's taxable costs incurred herein together with reasonable attorney's fees pursuant to RCW 49.60.030, RCW 49.48.030, and common law, equity, or statute; and

34.     Such other and further relief as the court deems equitable and proper.

Dated this 12th day of January, 2022.

COONEY LAW OFFICES, P.S.

STEPHEN M. BERGMAN, #44816
Attorney for Plaintiff

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 6

1  STATE OF WASHINGTON  )
                              ) ss.
2  County of Spokane        )

3

       Colin Schwartzmann, being first duly sworn on oath, states:

       I am the plaintiff above-named.  I have read the foregoing Complaint for Employment Discrimination, know the contents thereof and believe the same to be true to the best of my knowledge, information, and belief.

_____
COLIN SCHWARTZMANN

Subscribed and sworn to before me this _18_ day of January, 2022.

_____
NOTARY PUBLIC in and for the State of Washington, residing at Spokane.    My commission expires: _1/17/25_

COMPLAINT FOR EMPLOYMENT DISCRIMINATION- 7

COONEY LAW OFFICES, P.S.
330 W. Indiana Avenue
Spokane, WA 99205
(509) 326-2613 / FAX (509) 325-1859